**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**CIVIL ACTION NO. 3:26-CV-873-JHM**

**REV. MATTHEW TRAVIS HOUSTON** **PLAINTIFF**

**v.**

**IATSE LOCAL NO. 17, *et al.*** **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Rev. Matthew Travis Houston filed the instant *pro se* action and filed an application to proceed without prepayment of fees. (DNs 1, 3). Upon review, **IT IS ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* **(DN 3)** is **GRANTED**. Because Plaintiff is proceeding *in forma pauperis*, the Court must review this action pursuant to 28 U.S.C. § 1915(e)(2). Upon review, the action will be dismissed.

**I.**

Plaintiff names the following Defendants in the complaint: "John Doe (red/blon[d]e hair looked like a young Col. Sanders), Ground Rigger, Yum Arena/IATSE 17"; "IATSE #17 President @ Yum Arena John Doe, President on 10-22-2026"; "'Greg' Yum Arena Security Supervisor"; and "IATSE #17 in official capacity." Plaintiff, who lists an Iowa address,[1] states that Defendants are citizens of Kentucky, presumably to invoke this Court's diversity jurisdiction. He further indicates that the action presents a federal question of "employment discrimination, bull[y]ing, harassment, belittling, hostile work environment, fraternal/[sororal] satirization, marine (USMC)

[1] The Court notes that Plaintiff has completed the section of the complaint intended for attorney information. There, Plaintiff lists his name as the attorney and law firm with an address in Las Vegas, Nevada, along with an ABA number.

bullying." Under Amount in Controversy, Plaintiff writes, "$36.5 million because these cases are retroactive 9-30-2016 see EJDC #A-17-758861-C, etc."[2]

Plaintiff's Statement of Claim reads, *in toto*:

> Defamation of character, etc. Ground rigger harassed / belittled me verbally about my work building steel 2 ton bridges / split 15' [illegible] / etc. He defamed me to local road crew stalked me to check in table @ IATSE #17 which resulted in female call steward and IATSE President making insulting statements "you have lots of comments."

As relief sought, Plaintiff writes, "Brandon's phone #, demand for personal apologies, intervention w/ Travis Meeks for them to help Brandon be okay, money to Vaughan's family, punitive, nominal, compensatory damages, etc."

**II.**

Because Plaintiff is proceeding in *forma pauperis*, this Court must screen the instant action. *See* 28 U.S.C. § 1915(e)(2)(B); *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). This requires the Court to dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2)(B).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers,*

[2] This case number seemingly refers to an action Plaintiff initiated in the State of Nevada Eighth Judicial District Court. *See Houston v. Howell*, No. 219CV01740APGBNW, 2022 WL 17543062, at *1 (D. Nev. Nov. 4, 2022). It appears that Plaintiff is a prolific filer and has been declared a vexatious litigant in the District of Nevada. *See Houston v. Dzurenda*, No. 2:25-CV-01737-APG, 2025 WL 2687168, at *1 (D. Nev. Sept. 18, 2025).

*USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

Additionally, *pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal and factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013). Although this pleading standard does not require "detailed factual allegations," a "pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Iqbal*, 556 U.S. at 678 (quotation marks and citations omitted).

**III.**

While Plaintiff's allegations suggest that this action is rooted in employment discrimination, the complaint is largely indecipherable, consisting of disjointed fragments and conclusory allegations, and sets forth no facts from which this Court could reasonably infer any potentially viable claim or right to relief against the Defendants above a speculative level.

*Twombly*, 550 U.S. at 555. Plaintiff's statement of claim is, at most, an "unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Because the allegations are too vague and conclusory to support a federal cause of action and fail to meet the notice-pleading requirement of Rule 8, the complaint will be dismissed for failure to state a claim upon which relief may be granted. *See, e.g.*, *Harris v. Macomb Cnty. Children's Protective Servs*., No. 2:23-CV-10434-TGB-EAS, 2023 WL 2541319, at *2 (E.D. Mich. Mar. 16, 2023) (dismissing complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) on preliminary review where plaintiff "failed to provide meaningful factual support for his conclusory legal claims"); *see also Lee v. Saginaw Corr. Facility*, No. 1:25-CV-1202, 2026 WL 1839120, at *3 (W.D. Mich. June 26, 2026) ("A complaint may be dismissed for failure to state a claim under Rule 8 if it fails to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'") (quoting *Twombly*, 550 U.S. at 555).

The Court will enter a separate Order of dismissal.

Date: November 25, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.015